NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH LATHUS, | No. 25-5784 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-08233-DWL |
| v. | MEMORANDUM[*] |
| ROUND VALLEY JUSTICE COURT; BUTCH L. GUNNELS; ALANA CASTILLO; APACHE COUNTY SHERIFF'S OFFICE; THOMAS PACL, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Joseph Lathus appeals pro se from the district court's order dismissing his

action under Title II of the Americans with Disabilities Act, the Rehabilitation Act

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of 1973, and 42 U.S.C. § 1983, arising out of state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

Because Lathus does not raise in his opening brief the district court's dismissal of his action on the independent, alternative grounds that his claims are barred by immunity and that he failed to allege facts sufficient to state a plausible claim, Lathus has abandoned any challenge. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's opening brief").

Contrary to Lathus's contentions, the district court did not err in labeling the second amended complaint as such and treating it as the operative pleading, and did not lack jurisdiction to dismiss the second amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (recognizing "the general rule . . . that an amended complaint supersedes the original complaint and renders it without legal effect"); *Estate of Conners v. O'Connor,* 6 F.3d 656, 658 (9th Cir. 1993) (stating that filing a notice of appeal from a nonappealable order does not effect a transfer of jurisdiction from the district court to the court of appeals).

The district court did not abuse its discretion in denying Lathus's motions for entry of default and default judgment because defendants Round Valley Justice Court and Gunnels did not fail to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a) (providing that default can be entered against a party only where that party "has failed to plead or otherwise defend"); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (a default judgment is inappropriate if defendant indicates its intent to defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment and explaining that "default judgments are ordinarily disfavored").

The district court did not abuse its discretion in dismissing Lathus's action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation omitted)).

All pending motions are denied.

**AFFIRMED.**

3                                                          25-5784